IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARVEY HOLLAND, | : | 1:13-cv-1855 |
| | : | |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| JEFFREY THOMAS, | : | |
| | : | |
| Respondent. | : | |

**MEMORANDUM**

**August 8, 2013**

This matter is before the Court on the Report and Recommendation ("R&R") of Chief Magistrate Judge Martin C. Carlson (Doc. 6), filed on July 18, 2013, which recommends that we dismiss *pro se* Petitioner Harvey Holland's ("Petitioner" or "Holland") 28 U.S.C. § 2241 petition for writ of habeas corpus without prejudice to Holland obtaining permission from the United States Court of Appeals for the Third Circuit to file a second or successive 28 U.S.C. § 2255 motion. Petitioner filed objections to the R&R on August 2, 2013. (Doc. 7). Accordingly, this matter is ripe for our review. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R in its entirety.

**I.    STANDARD OF REVIEW**

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II. BACKGROUND

Petitioner, who is serving a life sentence imposed upon him by District Judge William W. Caldwell of this Court in 2002, has filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Following a trial by jury, the Petitioner was convicted on two drug trafficking counts and found not guilty of using a firearm in connection with a drug trafficking crime resulting in murder. At sentencing, the Court conducted its own evaluation of the evidence concerning the homicide and found by a preponderance of the evidence that the Petitioner was

---

[1] Petitioner's criminal case can be found at docket number 1:01-cr-195-06.

involved with that crime, and his base offense level was based thereon. Holland's resulting guideline term was life imprisonment. As noted above, the Holland was sentenced to life imprisonment by Judge Caldwell.

In 2003, the Petitioner unsuccessfully pursued a direct appeal of his conviction to the Third Circuit, *United States v. Holland*, 76 F. App'x 452, 453 (3d Cir. 2003), and has twice sought post-conviction relief pursuant to 28 U.S.C. § 2255 in 2005 and 2007, but to no avail. *United States v. Holland*, 2007 WL 2028912 (M.D. Pa. July 12, 2007); *United States v. Holland,* 2005 WL 3320844 (M.D. Pa. Dec. 7, 2005). Now Petitioner seeks to vacate his sentence under the guise of 28 U.S.C. § 2241 and invoking the recent United States Supreme Court decision in *Allenye v. United States*, Slip. Op., No. 11-9335, June 17, 2013. For the reasons that follow, we cannot entertain the instant petition without Holland first seeking leave from the Court of Appeals to pursue a second or successive 28 U.S.C. § 2255 motion.

### III. DISCUSSION

28 U.S.C. § 2255 allows a prisoner in federal custody to make a motion to vacate, set aside, or correct the sentence he is serving. Section 2255 explicitly covers claims raised on the following grounds: "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). A federal prisoner is permitted to file one 28 U.S.C. § 2255 motion as a matter of right, however to file a second or successive motion, the petitioner must first seek permission from the Court of Appeals. Second or successive motions may be permitted based on newly discovered evidence, or a new rule of constitutional law that was previously unavailable and made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C. § 2255(h).

Therefore, as a general rule, a §2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. *Strollo v. Alldredge*, 463 F. 2d 1194, 1195 (3d Cir. 1972). Moreover, it is clear that "[s]ection 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255'" *Gomez v. Miner,* 2006 WL 2471586, *1 (M.D. Pa. Aug. 24, 2006)(quoting *Myers v. Booker*, 232 F. 3d 902 (10th Cir. 2000)). In fact, it is only in the rare situations where §2255 would be "inadequate or ineffective to test the legality of his detention" may a federal prisoner can pursue relief under §2241. 28 U.S.C. § 2255(e). *See also United States v. Brooks*, 230 F. 3d 643, 647 (3d Cir. 2001)(recognizing availability of § 2241 in cases where petitioners have

no other means of having claims heard).  The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." *Okereke v. United States*, 307 F. 3d 120 (3d Cir. 2002)(citing *Cradle v. United States*, 290 F. 3d 536, 538 (3d Cir. 2002)(per curiam)).  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle*, 290 f. 3d at 538-39 (citing *Garris v. Lindsay*, 794 F. 2d 722, 727 (D.C. Cir. 1986)). Accordingly, [s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle*, 290 F. 3d at 539.  Furthermore, if a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction.  *See Application of Galante*, 437 F. 2d 1164, 1165 (3d Cir. 1971).

The narrow exception that permits a prisoner to proceed under §2241 on the grounds that a motion under §2255 would be ineffective or inadequate is outlined in *In re Dorsainvil*, 119 F. 3d 245 (3d Cir. 1997).  In *Dorsainvil,* the Third Circuit held that §2241 relief was available only in very narrow instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an

intervening change in substantive law made no longer criminal. *Dorsainvil*, 119 F. 3d at 251.

In the instant §2241 petition, Petitioner challenges his sentence under the recent Supreme Court decision of *Allenye v. United States.* In *Allenye*, the Supreme Court held "that any fact that increases the mandatory minimum [sentence for a crime of conviction] is an 'element' that must be submitted to the jury." Slip. Op. at 2. Petitioner argues that Judge Caldwell's finding by a preponderance of the evidence that he was involved in the homicide violates the holding of *Allenye*. To be sure, this argument does not fit into the *Dorsainvil* exception because Holland has not, and indeed cannot, argue that the drug trafficking offenses of which he was convicted are matters in which an intervening change in substantive law has been made no longer criminal. Further, while we are not addressing the Petitioner's arguments on the merits since we lack jurisdiction to hear the instant §2241 petition, we do note that a review of the record and the Presentence Investigation Report rendered in Holland's criminal case demonstrates that Judge Caldwell's finding relative to the homicide did not trigger a mandatory minimum sentence. Rather, the mandatory minimum ten year terms on each count of conviction were tied directly to drug quantity, not to the relevant conduct finding made by Judge Caldwell with regards to the homicide. Moreover, there

has been no intervening change in the law that makes it inappropriate for a sentencing judge to make determinations regarding relevant conduct based on a preponderance of the evidence standard. Thus, in our view, *Allenye* has no bearing on Judge Caldwell's decision to consider the homicide for purposes of calculating the Petitioner's sentencing guidelines and ultimately his sentence.

Accordingly, based on the foregoing, we find the Magistrate Judge's analysis to be correct and we shall adopt his recommendations in their entirety. The petition shall be dismissed without prejudice to the Petitioner seeking leave to file a second and successive § 2255 petition with the Third Circuit. An appropriate Order shall issue.